UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHEN MARSHALL,

    *Petitioner*                                 CRIM. CASE NO: 09-20536
                                                  CIVIL CASE NO. 18-11995
v.                                           DISTRICT JUDGE THOMAS L. LUDINGTON
                                                  MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE, RESPONDENT'S MOTION TO DISMISS PETITION AND
PETITIONER'S MOTION TO WITHDRAW MOTION TO VACATE**
(Docs. 847, 853, 855)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (Doc. 847) be **DENIED with prejudice,** that Respondent's motion to dismiss (Doc. 853) be **GRANTED,** and that Petitioner's motion to withdraw his motion to vacate (Doc. 855) so that he could file another motion at a later date be **DENIED.**

## II.    REPORT

On November 9, 2009, Stephen Marshall (Marshall or Petitioner) was charged in a multi-defendant, multi-count indictment with conspiracy to distribute cocaine base (Count 1) and conspiracy to distribute cocaine (Count 2), and there were forfeiture allegations charged in Count 49, in violation of 21 U.S.C. § 846 and 841(a)(1). The First Superseding Indictment was the same as to Petitioner except that the forfeiture allegations were now contained in Count 53. (Doc. 99.) A second Superseding Indictment was also the same as to Petitioner except that Count 3 added a charge of conspiracy to distribute heroin and the forfeiture allegations were contained in Count 58.

(Doc. 182.) The document used for purposes of the plea hearing was an amended superseding information charging Petitioner with one count of conspiracy to distribute 28 grams or more of cocaine base. (Doc. 502.) Petitioner pleaded guilty, pursuant to a plea agreement, to the sole count of the amended superseding information on January 23, 2012. (Doc. 502, 505.)

Petitioner was sentenced to 188 months' incarceration to run concurrent with a state court sentence to be followed by four years' supervised release. (Doc. 635.) Petitioner filed a motion to extend time to file a § 2255 motion, which was referred to the undersigned. (Doc. 800.) Petitioner cited *Johnson v. United States*, 135 S. Ct. 2551 (2015), as grounds to be given relief from the one-year limitation period. (Doc. 800.) As noted in the order denying the motion for extension of time, neither *Johnson* nor its progeny are of any help to Petitioner since he was sentenced as a career offender under USSG §4B1.1 because he had two prior controlled substance convictions, not because he had committed a prior crime of violence. (Doc. 803 at PageID 3381.)

Petitioner's current motion to vacate also cites to *Johnson, supra* for relief and seeks to distinguish his argument by adding that one of his convictions was for an attempted delivery of narcotics. However, as noted by the government, for purposes of the enhancement provisions in the sentencing guidelines, a "controlled substance offense includes attempting to commit such an offense." *United States v. Allen*, 711 F. App'x 781, 783 (6th Cir. 2017); *Jones v. United States*, No. 17-5269, 2018 WL 1193003, at *2 (6th Cir. Jan. 17, 2018). Petitioner cites to *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018)(Doc. 847 at PageID.3575); however, our own Sixth Circuit precedent controls here.

Since Petitioner's untimely motion lacks any potential substantive grounds for redress, I recommend that his motion be denied with prejudice, that the government's motion to dismiss be

2

granted, and that Petitioner's motion to withdraw his motion to vacate so he could file another motion at a later date without prejudice be denied.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 6, 2018         S/ PATRICIA T. MORRIS
                                 Patricia T. Morris
                                 United States Magistrate Judge

# CERTIFICATION

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Stephen Marshall #42448-039 at Oxford Federal Correctional Institution, Inmate/Mail Parcels, P.O. Box 1000, Oxford, WI 53952.

Date: September 6, 2018          By s/Kristen Castaneda
                                 Case Manager