UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D-10, STEPHEN MARSHALL,

    Petitioner,                                                                       Case No. 09-20536-10

v.                                                                             Honorable Thomas L. Ludington
                                                                               Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, DENYING MOTION TO WITHDRAW, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On November 9, 2009, Stephen Marshall (Marshall or Petitioner) was charged in a multidefendant, multi-count indictment with conspiracy to distribute cocaine base (Count 1) and conspiracy to distribute cocaine (Count 2). The document used for purposes of the plea hearing was an amended superseding information charging Petitioner with one count of conspiracy to distribute 28 grams or more of cocaine base. ECF No. 502. Petitioner pleaded guilty, pursuant to a plea agreement, to the sole count of the amended superseding information on January 23, 2012. ECF No. 502, 505. Petitioner was sentenced to 188 months' incarceration to run concurrent with a state court sentence to be followed by four years' supervised release. ECF No. 635.

Petitioner filed a motion to extend time to file a § 2255 motion, which was referred to Magistrate Judge Patricia T. Morris. EcF No. 800. Petitioner cited *Johnson v. United States*, 135 S. Ct. 2551 (2015), as grounds to be given relief from the one-year limitation period. As noted in the order denying the motion for extension of time, neither *Johnson* nor its progeny are of any help to Petitioner since he was sentenced as a career offender under USSG §4B1.1 because he

had two prior controlled substance convictions, not because he had committed a prior crime of violence. ECF No. 803 at Page ID 3381.

On June 18, 2018, Petitioner filed a motion to vacate his sentence. ECF No. 847. Petitioner then moved to withdraw his motion so that he could review and refile his claim. ECF No. 855. Respondent moved to dismiss. ECF No. 853. The motions were referred to Judge Morris. On September 6, 2018, Judge Morris issued a report, recommending that Respondent's motion to dismiss be granted, and that Petitioner's motions be denied. ECF No. 859.

Judge Morris noted that Petitioner continues to seek relief under *Johnson*, which is inapplicable to him. Petitioner now argues that one of his convictions was for attempted delivery of narcotics, which he appears to contend undermines his status as a career offender. As Judge Morris noted, for purposes of the enhancement provisions in the sentencing guidelines, a "controlled substance offense includes attempting to commit such an offense." *United States v. Allen*, 711 F. App'x 781, 783 (6th Cir. 2017); *Jones v. United States*, No. 17-5269, 2018 WL 1193003, at *2 (6th Cir. Jan. 17, 2018). Accordingly, Judge Morris concluded that Petitioner's motion to vacate should be denied with prejudice, and without permitting him to withdraw and refile.

Although Judge Morris's report explicitly states that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, neither party has filed any objections. The election not to file objections to a Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate

of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the report and recommendation, ECF No. 859, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate and motion to withdraw, ECF Nos. 847, 855, are **DENIED**.

It is further **ORDERED** that Respondent's motion to dismiss, ECF No. 843, is **GRANTED**.

Dated: November 9, 2018                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 9, 2018.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager