UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 1:09-cr-20536-10
        Honorable Thomas L. Ludington

STEPHEN MARSHALL,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On August 5, 2010, Defendant Stephen Marshall was indicted on two counts of conspiracy to distribute cocaine base and one count of conspiracy to distribute heroin. ECF No. 182. On January 23, 2012, an amended superseding information was filed against him, charging Defendant with one count of conspiracy to distribute 28 grams or more of cocaine base. ECF No. 502. He waived indictment and pled guilty to the one count in the Amended Superseding Information. ECF No. 505. He was sentenced to 188 months incarceration (to run concurrent with a state court sentence) and four years of supervised release. ECF No. 635. On June 18, 2018, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied. ECF Nos. 847, 859, 865.

On February 27, 2021, Defendant filed a pro se motion for compassionate release. ECF No. 915. Due to mailing delays, the Motion was not docketed until March 9, 2021. The Government filed a timely response. ECF Nos. 917, 918, 919. As of May 4, 2021, no reply from Defendant has been received. For the following reasons, his Motion will be denied.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement §

1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020).

Defendant, through counsel or some form of outside assistance, sought compassionate release from the BOP.[1] The request was denied on November 17, 2020. ECF No. 915 at PageID.3777. He has exhausted his administrative remedies.

**B.**

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant brings this Motion on his own behalf, § 1B1.13 is "inapplicable," and "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts

---

[1] The Government notes that "an outside group" requested furlough for Defendant which the Warden treated as a request for compassionate release. ECF No. 919 at PageID.3789.

of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 984 F.3d at 520. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[2] *Id.* (quoting *United States v. Hardin*, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the

---

[2] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 984 F.3d at 521 n.1.

CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at 521.

In his Motion, Defendant argues that the time he has served to date "is sufficient to meet the purposes of sentencing" and that his sentence was significantly higher than most of his co-defendants "despite his minor, non-violent role." ECF No. 915 at PageID.3773–74.[3] Defendant's third argument is that he suffers from recurrent pneumonia which "puts him at risk for suffering acutely from COVID-19 should he contract the virus." *Id.*

Defendant is currently housed at Florence Federal Correctional Institute. ECF No. 919 at PageID.3789. Defendant's frustration with his sentence is not a sufficient predicate for extraordinary and compelling reasons for compassionate release. Further, the only medical condition that Defendant mentions is recurrent pneumonia. However, the Government explains that it does not appear in any of Defendant's medical records. ECF No. 919 at PageID.3803. Further, pneumonia is not included in the CDC's list of medical conditions that may result in a severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/K6QH-SK43] (last visited May 4, 2021). Additionally, there are no active COVID-19 cases and 395 staff and 779 inmates have been fully vaccinated at Defendant's facility. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus [https://perma.cc/8CTS-FGJJ] (last visited May 4, 2021). Without minimizing Defendant's fears of contracting COVID-19, "generalized fears of contracting Covid-19, without more, do not constitute a compelling reason" for compassionate release. *United*

---

[3] In response, the Government argues that the Sixth Circuit has foreclosed Defendant's argument that because his sentence would be different today than when he was sentenced, he should receive a shorter sentence. *United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021).

*States v. Ramadan*, 2020 WL 5758015 at *2 (6th Cir. Sept. 22, 2020). In this case, Defendant's facility is actively vaccinating inmates, there is only one active inmate case of COVID-19, and Defendant does not have an underlying condition identified by the CDC as likely to increase his risk of severe illness from COVID-19. Defendant has not demonstrated an extraordinary or compelling reason for release. *Elias*, 984 F.3d at 520–21 (holding that district court did not abuse its discretion where it applied two-part test considering whether "defendant is at high risk of having complications from COVID-19" and whether "the prison where the defendant is held has a severe COVID-19 outbreak").

Based on the foregoing, Defendant has not demonstrated an extraordinary and compelling reason for release. Consequently, this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See Elias*, 984 F.3d at 519. Defendant's Motion for Compassionate Release will be denied.

**II.**

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 915, is **DENIED WITH PREJUDICE**.

Dated: May 5, 2021                                         s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge